# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES E. TURNER, REBECCA A. FORKNER, BOYD J. JONES, and ERNEST E. YARBOROUGH, | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 3:05-2893-CMC-BD |
| | ) | |
| v. | ) | |
| | ) | |
| THE RAMS-HEAD COMPANY, A DELAWARE CORPORATION, | ) ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiffs, pro se, asserting various state law causes of action.  This case was removed to this Court by the Defendant pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 15, 2006.  As the Plaintiffs are proceeding pro se, a Roseboro order was entered by the Court on March 16, 2006, advising Plaintiffs of the importance of a motion for summary judgment and of the necessity for them to file an adequate response. Plaintiffs were specifically advised that if they failed to respond adequately, the Defendant's motion may be

1



granted, thereby ending their case.  On April 19, 2006, Plaintiff Yarborough filed a motion to compel, for sanctions and to stay Defendant's motion for summary judgment.  In this motion, Yarborough acknowledged his pending deadline to respond to the motion for summary judgment. On April 26, 2006, the Honorable Cameron McGowan Currie, United States District Judge, ordered that discovery should be stayed until the pending motion to dismiss and/or for summary judgment is resolved.  However, despite the specific warning and instructions contained in the Roseboro order and Judge Currie's order staying discovery, the Plaintiffs, including Plaintiff Yarborough, have failed to respond to Defendant's motion for summary judgment.[1]  This motion is now before the Court for disposition.[2]

### Discussion

This action arises from a series of transactions concerning property located at 6029 Two Notch Road in Columbia, South Carolina. The Defendant's motion for summary judgment is based on the assertion that Plaintiff, Ernest E. Yarborough, has no legal rights which attach to the claims asserted in the Complaint and is not a real party in interest.  Therefore, the Defendant moves for summary judgment as to Yarborough.  The Defendant also asserts that Yarborough and the remaining Plaintiffs have engaged in conduct constituting the unauthorized practice of law,[3] and that

---

[1]Plaintiff Yarborough did make arguments in another memorandum that relate to Defendant's summary judgment motion. See Docket #12.  To the extent applicable, those arguments have been considered in issuing this recommendation.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C.  Defendant has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Yarborough is an attorney, but is not presently authorized to practice law in this state. See In the Matter of Ernest Yarborough , 559 S.E.2d 836 (S.C. 2002).



as a result, the entire complaint should be dismissed.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Since the Defendant does not contest the standing of any Plaintiffs, other than Yarborough,  the facts surrounding the underlying transactions are not presently before the Court for purposes of the current motion for summary judgment.[4]

## I.

In order to show standing, Yarborough has the burden of showing (1) that he has suffered an injury in fact; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Emery v. Roanoke City School Bd., 432 F.3d 294, 298 (4th Cir. 2005).

---

[4]The Defendant does not concede that the remaining Plaintiffs have standing, or that their claims are not subject to summary judgment on the merits.  However, these issues are not currently before the Court.



Yarborough's sole basis for standing in this lawsuit is an alleged "joint enterprise"[5] with Plaintiff

Boyd Jones which relates to the subject property. Yarborough contends that he has an equitable

interest in the subject matter of this lawsuit since Jones has an interest.

During Jones' deposition, Yarborough described his joint enterprise with Jones,

which was captured as part of the transcript, as follows:

> I've worked as an independent contractor, as a consultant, and Mr. Jones gets one
> half of my profits from consulting, business and political; I in turn get one half of his
> profits. For everything we do, in other words, when you look at some of these
> agreements - if you look at - if Mr. Jones is involved, then Yarborough is involved
> because our agreement is to take our relationship to the extent that if he makes a
> dollar, I get half of it. If I make a dollar, he gets half of it.

> You know, everything he does with the security company, with the bail bonding
> company, with the after school programs, with the PI business, the bail bonding, the
> consulting, the daycare after school, the home improvement, all of that. Ownership
> of various properties we've got and all of that is encompassed by our agreements.
> For the most part they are in writing but I did look for an agreement that I couldn't
> find that I'm probably going to try and go on the computer and pull it. But
> everything that he's involved in, in other words, if you see Boyd Jones he acts as an
> agent for Ernest Yarborough. When you see Ernest Yarborough he acts as an agent
> for Boyd Jones; in everything we're involved in, okay, everything.

See Defendant's Exhibit 6 (Jones Deposition, pp. 94-95) attached to Cleveland Affidavit.

At his own deposition, Yarborough further testified,

> Mr. Jones and I, as he testified, we have a series of written agreements and we have
> an overall gentlemen's oral understanding concerning sharing all the profits, . . . So,
> he and I just agreed that everything goes - whether he makes the money or I make
> the money, we are dividing it fifty-fifty (50/50) and in our receipt books, we started
> doing that. . . . I'm contending to you that Mr. Jones, if he gets two dollars ($2.00)
> from the City of West Columbia since we jointly made the decision that he could run
> because of the major impact it would have on our business that even though the City
> of West Columbia doesn't see that I have an equitable interest, he has to bring that

---

[5]The Complaint alleges that Yarborough and Jones are involved in a "joint business
enterprise" involving several businesses. Jones in turn allegedly entered into a "joint enterprise"
with Plaintiff Forkner involving a business at the property at issue. Complaint, at ¶¶ 23-25.



to that bank; he has to bring it to the bank and share it with me, fifty-fifty (50/50).

See Defendant's Exhibit 8 (Yarborough Deposition, pp. 8-9, 13) attached to Cleveland's Affidavit. Defendant contends that the relationship which Yarborough describes and bases his claim on does not comport with any applicable law or legal principle pertaining to either joint enterprises or joint ventures.

"A joint venture is governed by the same law as a partnership. The main distinction between the two is that a joint venture is a temporary association for the purpose of a single undertaking, while a partnership envisions a continuing relationship among the parties." Paving Equipment of Carolina, Inc. v. Lake Providence Properties, Inc., No. 94-1836, 1995 WL 148991 at **3 & n (4th Cir. 1995); 46 Am.Jur.2d Joint Ventures § 9 ["In order to constitute a joint venture, some or all of the followings factors must be present: a contribution by the parties of money, property, effort, knowledge, skill, or other assets to a common undertaking, a joint property interest in the subject matter of the venture and a right of mutual control or management of the enterprise, a right to participate in the profits, and usually, a limitation of the objective to a single undertaking or ad hoc enterprise."]

A "joint venture" is defined as 'a special combination of two or more persons, who, in some specific venture, seek a profit jointly without the existence between them of any actual partnership, corporation, or other business entity. Fla. Trading & Inv. Co. v. River Constr. Servs., 537 So.2d 600, 602 (Fla.Dist.Ct.App. 1988)(internal quotation marks omitted). A joint venture "is limited to a specific enterprise or object." Hayes v. H.J.S.B.B. Joint Venture, 595 So.2d 1000, 1002 (Fla.Dist.Ct.App. 1992). Here, the alliance the parties allegedly sought to form was not merely for some particular enterprise or object. Rather, the agreement was to form a business that would have continued for an indefinite duration. See Kislak v. Kreedian, 95 So.2d 510, 514 (Fla. 1957)[explaining that the term "joint adventure" refers "to a single transaction" but not "to a general and continuing business of a particular kind"]; Weinsier v. Soffer, 358 S.2d 61, 63 (Fla.Dist.Ct.App. 1978)(holding that "[a]n oral agreement to enter into a new business which will continue indefinitely"

5



is unenforceable under the statute of frauds); <u>see also</u> <u>Bross v. Wallace</u>, 600 So.2d 1198, 1199 (Fla.Dist.Ct.App. 1992)(per curiam)(stating that enforcement of an oral agreement to purchase a restaurant and franchise rights and "establish an ongoing business" would be barred by the statute of frauds).

<u>Rizoti v. Plemmons</u>, No. 03-1159, 91 Fed.Appx. 793, 797 (4th Cir. 2003)

As was the case in <u>Rizoti</u>, the evidence in the present case regarding the business relationship of Jones and Yarborough shows an attempt to form a business or "joint enterprise"  to continue for an indefinite period of time rather than for the particular lease on the real estate located at 6029 Two Notch Road.  Accordingly, the evidence fails to show a genuine issue of fact as to whether Yarborough and Jones, prior to the filing of this lawsuit, entered into or were engaged in a separate and specific joint venture with regard to the Two Notch real estate and any lease thereon. As such, any general and continuing claim of a "joint enterprise" between Jones and Yarborough fails to establish standing for Yarborough in this case, since Jones is the only signatory to the lease on subject property.

## II.

In response to a motion for a protective order filed by the Defendant on February 17, 2006, in which the Defendant argued that Yarborough did not have standing to be a Plaintiff in this case, Yarborough and Jones signed a written agreement dated March 3, 2006, and which was then filed with the Court as Court Document No. 12-2.  This agreement, titled "Partial Assignment of Contractual Rights" states,

I, Boyd J. Jones, hereby assigns to Ernest E. Yarborough, his heirs, assigns, and successors, a one-half, irrevocable interest in a certain employment and business contract that I enjoy with the Locker Room, LLC,[6] as represented by the letter dated November 19, 2004 from the Locker Room, LLC.  Mr. Yarborough's one-half

---

[6]This is the business located at 6029 Two Notch Road.



interest shall extend to all oral or written contracts that I enjoy with the Locker Room, LLC made on or before February 27, 2006. Mr. Yarborough shall enjoy all rights and privileges to his one-half interest, to include, but not limited to taking all rights to sue in any court of competent jurisdiction for the enforcement of the said contract.

By our signatures below, Mr. Yarborough and I agree that this partial assignment is supported by consideration in the form of mutual covenants that have existed between us during our joint enterprises, and Mr. Yarborough agrees to pay be One Dollar ($1.00) for this partial assignment.

This document shall be signed in duplicates. A copy of this agreement shall have the same force and effect as an original copy. Yarborough shall cause a copy of this Partial Assignment to be served on the President of the Locker Room, LLC.

Agreed this the 3rd day of March, 2006.

See Exhibit 2 to Yarborough's Motion in Opposition to Defendant's Motion for a Protective Order.

Yarborough argues that this document independently gives him standing in this case; however, the

undersigned disagrees.

Standing to sue is a threshold requirement in any federal lawsuit and must be present *at the time the suit is brought.* Sitcom Systems Ltd. v. Agilent Technologies, Inc., 427 F.3d 971, 975-976 (Fed.Cir. 2005); Foretich v. United States, 351 F.3d 1198, 1210 (D.C.Cir. 2003); Merial Ltd. v. Intervet, Inc., 430 F.Supp.2d 1357, 1361 (N.D.Ga. 2006). This agreement, which was only filed in response to Defendant's motion for a protective order, does not retroactively convey standing to Yarborough back to the time this lawsuit was filed. Minneapolis & St. Louis R.R.Co. v. Peoria & Pekin Union Ry. Co., 270 U.S. 580, 586 (1926) ["The jurisdiction of the lower court depends upon the state of things existing at the time the suit was brought"]; *cf.* Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1309 (Fed.Cir. 2003); Clayhill Resources, Ltd. v. MSB Industries, Inc., No. 80-1165, 1980 WL 267205, at * 1-2 (S.D.N.Y. Nov. 3, 1980). Therefore, even if this agreement were to otherwise be found to be valid, since Yarborough did not have standing



with respect to the claims asserted in this lawsuit at the time this action was filed, he lacks standing and should be dismissed as a party Plaintiff.

### III.

With respect to the remaining Plaintiffs, Defendant argues that, through their actions, they assisted Yarborough in the unauthorized practice of law, and that their claims should therefore also be dismissed, and summary judgment granted in the case <u>in toto</u>. This motion should be denied.

As the undersigned has determined that Yarborough does not have standing to appear as a Plaintiff in this case, he should be dismissed as a party Plaintiff. With respect to the remaining <u>pro se</u> Plaintiffs, however, no issue concerning their standing to file this lawsuit has been raised, and while manifestly unwise, citizens have a right to pursue civil litigation <u>pro se</u> without the benefit of counsel. 28 U.S.C.A. § 1654 [In all courts of the United States the parties may plead and conduct their own cases personally....]. Therefore, whether Yarborough has standing to pursue these claims does not affect these other Plaintiffs.

As for dismissing these other Plaintiffs' claims due to Yarborough's participation in the case, the question of whether Yarborough's actions by participating in this matter and bringing these claims with the other Plaintiffs constituted the unauthorized practice of law is a matter for the appropriate state bar disciplinary committees and/or local solicitor to decide. <u>See</u> S.C.Code Ann. § 40-5-310; Rules for Lawyer Disciplinary Enforcement (RLDE). For purposes of Defendant's motion for summary judgment, however, the evidence before the Court is not in and of itself sufficient to convince the undersigned that the remaining Plaintiffs, who have a right to proceed <u>pro se</u> if they wish, should forfeit claims they may have due to Yarborough's participation as a litigant. <u>Cruz v. Beto</u>, 405 U.S. 319 [Federal court is charged with liberally construing pleadings of <u>pro se</u> litigants

8



to allow the development of a potentially meritorious case].

<u>**Conclusion**</u>

Based on the foregoing, it is recommended that Defendant's motion for summary judgment as to Plaintiff Yarborough be **granted**, and that Yarborough be **dismissed** as a party Plaintiff in this case. Defendant's motion for summary judgment as to the claims of the remaining Plaintiffs should be **denied**.

The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

November 20, 2006



9

<u>**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**</u>
<u>**&**</u>
<u>**The Serious Consequences of a Failure to Do So**</u>

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, <u>but</u> <u>not</u> thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991). See also <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

<u>See also</u> <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See <u>Wright</u>, <u>supra</u>,; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

