IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUGH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James E. Turner, Rebecca A. Forkner, Boyd J. Jones, and Ernest E. Yarborough, | ) ) ) | C.A. No. 3:05-2893-CMC-BM |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | OPINION AND ORDER AND RULE TO SHOW CAUSE |
| The Rams-Head Company, a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court for review of a Report and Recommendation entered October 20, 2006 ("Report"). Dkt No. 33. The Report recommended that Defendant's motion for summary judgment be granted in part and denied in part. Specifically, the Report recommended that the claims pursued by Plaintiff Ernest E. Yarborough be dismissed with prejudice but that the claims of the remaining Plaintiffs be allowed to proceed. This recommendation was despite Plaintiffs' collective failure to respond to the motion for summary judgment which sought dismissal of all of their claims based on allegations that Yarborough lacked standing and that the remaining Plaintiffs assisted Yarborough in the unauthorized practice of law by allowing him to prepare the underlying documents in this action.

Defendant objected to the Report to the extent it recommended that the claims of any Plaintiffs be allowed to proceed. Defendant suggested, nonetheless, that the court might dismiss the remaining Plaintiffs' claims without prejudice, rather than granting the more drastic summary judgment remedy originally sought.

Plaintiffs did not file either an objection to the Report or a response to Defendant's objection. Thus, they appear to concede the propriety of the dismissal of Yarborough's claims as recommended in the Report. Their failure to respond to Defendant's motion for summary judgment or to its objections to the Report may also signal a desire to abandon the present action, at least presuming this would not result in dismissal with prejudice. The latter possibility is addressed by Section III below.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## DISCUSSION

**I.     Yarborough's Claims.**

As noted above, Plaintiffs have not objected to the Report to the extent it recommends that the claims pursued by Yarborough be dismissed with prejudice. The court, therefore, reviews this recommendation for clear error.

The recommendation that Yarborough's claims be dismissed was based on two underlying

2

conclusions. First, the Report concluded that whatever joint venture or other agreements existed at the time the action was filed were inadequate to provide Yarborough with standing to pursue the claims asserted in this action. Report at 6. Second, the Report concluded that any subsequently executed document could not cure Yarborough's lack of standing at the time the action was instituted Report at 7-8.

Neither these conclusions nor the underlying rationale are clearly erroneous. Indeed, the undersigned agrees with and adopts both the conclusions and rationale as set forth in the Report. The court, therefore, adopts the Report to the extent it recommends that Yarborough's claims be dismissed with prejudice for lack of standing.

**II.     Remaining Plaintiffs' Claims.**

Defendant's objection requires the court to conduct a de novo review of the motion for summary judgment as it relates to the claims of the remaining three Plaintiffs. Having done so, the undersigned agrees with the Magistrate Judge that the facts and law are not so clear as to support entry of summary judgment as to the remaining Plaintiffs' claims.

This brings the court to Defendant's alternative request that the claims of these Plaintiffs be dismissed *without prejudice*. Plaintiffs have not responded to this suggestion or otherwise responded to either Defendant's motion for summary judgment or its objection to the Report.

In light of their repeated failure to respond to potentially dispositive filings, it appears that Plaintiffs James E. Turner, Rebecca A. Forkner, and Boyd J. Jones may have abandoned their pursuit of this action. To determine whether this is the case, the court will require further submissions as set forth below. The undersigned will retain jurisdiction, rather than referring the matter back to the Magistrate Judge, to review any responses which may be received. Absent receipt of responses, the

remaining claims will be dismissed without prejudice.

### III.     Rule to Show Cause

No later than **January 26, 2007**, Plaintiffs James E. Turner, Rebecca A. Forkner, and Boyd J. Jones, **shall each file individual responses** to this order: (1) indicating whether they desire to continue to pursue the present action; (2) showing cause why they should not be required to file an amended complaint in this action and amended lis pendens reflecting the removal of Yarborough from this action and remedying any error caused by his improper involvement in the preparation of earlier-filed documents; and (3) stating whether they intend to obtain counsel to assist them in further pursuit of their claims.  If Plaintiffs indicate an intent to retain counsel, they shall be allowed until **February 9, 2007**, for counsel to file an appearance.   This additional time does not, however, modify the deadline for responding to the inquiries posed above.

**Any Plaintiff who fails to timely respond to this order (or for whom counsel fails to timely appear in the event Plaintiffs indicate an intent to proceed with counsel) shall be dismissed from this action without prejudice.**

### CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation, and directs entry of summary judgment in Defendant's favor to the extent any claims are pursued by Plaintiff Ernest E. Yarborough.  The remaining Plaintiffs are directed to respond to this order as set forth in Section III above.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

**Columbia, South Carolina**
**January 5, 2007**